# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-** **Case No. 6:07-cr-214-Orl-31DAB**

**FRANCIS DULLEA, JR.**

---

## MEMORANDUM SENTENCING OPINION

The Defendant, Francis Dullea, Jr. ("Dullea"), pled guily to one count of simple possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). There is no written plea agreement. This Court held a sentencing hearing at which Dullea and the Government presented argument, primarily on the issue of whether he was subject to a mandatory minimum sentence of ten years. A final hearing was held on March 25, 2008.

### I. 18 U.S.C. § 2252A(b)(2)

Generally, a person convicted of possession of child pornography under Section 2252A(a)(5)(B) faces a sentence of not more than ten years' imprisonment. 18 U.S.C. § 2252A(b)(2). However, if that person has a prior conviction under, *inter alia*, "the law of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," that person instead faces a sentence of not less than 10 years nor more than 20 years. 18 U.S.C. § 2252A(b)(2).

In 1991, Dullea was convicted of a criminal offense in the Commonwealth of Massachusetts. Initially, Dullea was charged with a violation of Chapter 265, Section 23 of the laws of Massachusetts,

which prohibits sexual intercourse with a child under sixteen. Mass. Gen. Laws ch. 265 § 23. Dullea was ultimately convicted of a lesser offense – a violation of Chapter 265, Section 13B, which prohibits "indecent assault and battery on a child under the age of fourteen." Mass. Gen. Laws ch. 265 § 13B. Dullea was adjudged guilty and sentenced to 60 days in a house of correction, with all but ten days suspended, followed by one year of probation.

The question then becomes whether Dullea was convicted of violating a law relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor. The answer to this question is complicated by the unusual disposition of this charge. Dullea did not go to trial or plead guilty or no contest. Rather, pursuant to Massachusetts practice, Dullea "admitted to sufficient facts." Under Massachusetts law, "[a]n 'admission to sufficient facts' ... means an admission to facts sufficient to warrant a finding of guilty." *Com. v. Duquette*, 438 N.E.2d 334, 338 (Mass. 1982). At least so far as the record in this case discloses, this practice does not result in a list of facts to which the defendant actually admitted.

In determining whether a prior conviction is a qualifying offense under § 2252(b)(2), a sentencing court is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *U.S. v. Harding*, 172 Fed.Appx. 910 (11th Cir. 2006) (*citing, inter alia, Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005)). Here, there is no written plea agreement or plea colloquy, and the judge did not make any explicit factual findings. Aside from the information presented above – i.e., that Dullea was accused of having sexual intercourse with a child under sixteen, but was found guilty of the lesser offense of indecent assault and battery of a child under fourteen – the Court has little information as to what actually happened

in regard to the 1991 offense. The Court knows that Dullea admitted to sufficient facts to sustain a conviction on the indecent assault charge, but has no way of knowing what those facts might have been. As a result, the Court must scrutinize the Massachusetts law Dullea was convicted of violating, to determine if a violation of that law is necessarily one that triggers the mandatory minimum of 18 U.S.C. § 2252A.

Neither statute on its face provides much assistance in this inquiry. The Massachusetts statute at issue – henceforth, "Section 13B" – does not define any of its terms. The federal statute defines the term "minor" for purposes of Section 2252A as "any person under the age of eighteen years," 18 U.S.C. § 2256(1), but does not define the remaining terms in that statute, such as "relating to" or "abusive sexual conduct". However, the phrase "relating to" carries a broad ordinary meaning – i.e., "to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *U.S. v. McCutchen*, 419 F.3d 1122, 1127 (10th Cir. 2005) (citing *Morales v. Trans World Airlines*, 504 U.S. 374, 383, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157 (1992). Courts have therefore construed the "relating to" language very broadly in interpreting 18 U.S.C. § 2252A. *See, e.g.*, *United States v. Sinerius*, 504 F.3d 737, 743 (9th Cir. 2007) ("In short, § 2252A does not simply mandate a sentencing enhancement for individuals convicted of state offenses *equivalent* to sexual abuse. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense.").

Dullea does not dispute that his Massachusetts conviction involved a minor. However, Dullea contends that the Massachusetts statute at issue could capture conduct falling outside the broad boundaries set forth in Section 2252A, preventing this Court from applying it to enhance his sentence under the federal law. As Dullea points out, in analyzing the law, Massachusetts courts have held that

"[t]o be 'indecent,' an act need not be for the purpose of sexual gratification or arousal." *Com. v. Conefrey*, 640 N.E.2d 116, 123 (Mass.App. 1994). Furthermore, "[t]he measure of indecency is common understanding and practices." *Id.* Dullea reads this analysis to say that conduct that was not sexually motivated could be found to violate the statute – and, therefore, conduct may violate the state statute without, in the words of the federal statute relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct. He hypothesizes that a situation in which a baby sitter were to innocently kiss his or her young charge on the nape of the neck, perhaps while sitting in a bedroom, could be found to be indecent in light of "common understanding and practices" and therefore a violation of Chapter 253, Section 13B, without being sexual or abusive. Similarly, he suggests that a babysitter overseeing bathtime who grabs the child's arm and employs a vulgarity to reprimand him or her for misbehavior in the tub could run afoul of the state statute without being guilty of anything resembling or relating to sexual abuse.

A review of the decisions of the Massachusetts courts convinces the undersigned that Dullea's fears are without merit. The standard set for violation of Chapter 253, Section 13B is sufficiently high as to bring it within the language of Section 2252A: "A touching is indecent, within the meaning of the statute governing indecent assault and battery, when, judged by the normative standard of societal mores, it is violative of social and behavioral expectations, in a manner which is fundamentally offensive to contemporary moral values and which the common sense of society would regard as immodest, immoral, and improper." In the absence of sexual overtones to the conduct, the kiss on the neck and the bathtime vulgarity would, at most, be considered improper, not immodest or immoral. Such conduct, though likely frowned upon, cannot reasonably be considered "fundamentally offensive to contemporary moral values" without some indication that the conduct was sexual at its core. And

the reported decisions demonstrate that Massachusetts courts consider the context of the conduct before attempting to determine whether the conduct was indecent. *See, e.g., Com. v. Vazquez*, 65 Mass.App.Ct. 305 (stating that "[w]hen evaluating evidence of alleged indecent behavior, we consider all of the attendant circumstances" and "[w]e do not read our cases, however, as requiring that there always be tongue involvement for an act that might be characterized as a kiss to found indecent, *as other facts and circumstances may allow the trier of fact rationally to determine that the kiss was an indecent act.*") (emphasis added). Dullea's counsel has not pointed to any cases where conduct resembling the two hypotheticals was found to violate the indecent assault on a minor statute, and this Court's research has not uncovered any. As such, the Court concludes that Dullea's conviction for violating Massachusetts General Law Chapter 253, Section 13B qualifies as a previous conviction for violation of the law of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward.

**II. Ex Post Facto**

Dullea argues that application of the mandatory minimum would violate the ex post facto clause of the United States Constitution.[1] His conviction on the Massachusetts indecent assault and battery charge occurred in 1991, more than ten years before Congress created 18 U.S.C. § 2252A, which established the mandatory minimum he now faces. According to Dullea, imposition of 18 U.S.C. § 2252A's mandatory minimum as a result of conduct occurring prior to the enactment of that statute would be unconstitutional.

---

[1]Article I, § 10 of the Constitution provides that "[n]o state shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

"To fall within the *ex post facto* prohibition, a law must be retrospective – that is, it must apply to events occurring before its enactment – and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997) (internal quotations and citations omitted). Dullea contends that Section 2252A's mandatory minimum is being applied to his 1991 conduct in Massachusetts, increasing punishment for his crime. Dullea is incorrect. The mandatory minimum is being applied to his recent conduct of possessing pornography, not to the conduct that occurred in Massachusetts in 1991. If Dullea had not committed a subsequent crime, Section 2252A's mandatory minimum could not have applied to him. The Supreme Court rejected an identical argument in regard to an increased sentence imposed under a state habitual criminal act: "The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948).

**III. Conclusion**

As detailed above, the Court concludes that Dullea's previous conviction was for the violation of a state law relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward. The Court also concludes that application of the enhanced penalty of 18 U.S.C. § 2252A(b)(2) would not violate the ex post facto clause of the Constitution. As a result, the law requires that Mr. Dullea be sentenced to at least ten years' imprisonment.

It is instructive to consider the sentence Dullea would have received were it not for his 1991 conviction. Possession of child pornography, the crime to which Dullea pled guilty and for which he

is now being sentenced, has a base offense level of 18. USSG § 2G2.2(a)(1). At least some of the material he possessed involved a prepubescent minor or a minor who had not attained the age of 12 years, requiring that the base offense level be adjusted upward by two levels. USSG § 2G2.2(b)(2). Because Dullea's offense involved the use of a computer or interactive computer service, the base level would be adjusted upward another two levels. USSG § 2G2.2(b)(6). Dullea is alleged to have possessed 318 pornographic images, requiring another four-level increase, to 26.[2] USSG § 2G2.2(b)(7)(C). Finally, Dullea has accepted responsibility for his crime, leading to a three-level reduction, for a total offense level of 23. The parties agree that Dullea's criminal history falls in Category II. Cross-referencing an offense level of 23 with criminal history category II results in a guideline sentence range of 51-63 months. The Court cannot say for certain what sentence Dullea would have received, but it almost surely would not have exceeded 63 months, the top of the guideline range. Instead, as outlined above, the law requires that Dullea be sentenced to at least 120 months. Or, to put it another way, the crime that Dullea committed nearly twenty years ago, a crime that, in the eyes of the Massachusetts legislature and the Massachusetts judiciary, warranted but ten days in jail, now results in him spending at least five additional years behind bars.

Congress certainly possesses the authority to require harsher sentences for habitual criminals. And most would agree that harsher sentences are warranted for those who have already demonstrated that the standard punishment is an insufficient deterrent.

---

[2]Dullea contends that the number of images was somewhere between 10 and 150, which would require a two-level upward adjustment, rather than a four-level adjustment. USSG § 2G2.2(b)(7)(A). Because the ten-year minimum applies in this case, the number of images will not affect Dullea's sentence and the Court has not resolved this disputed point. For purposes of this illustration, the Court accepts the Government's figure.

However ... a ten day sentence, two decades later, translating into another five years?

It is said that the surest way to have the laws respected is to make them respectable. The courts are commanded, when imposing a sentence, to consider the need for the sentence imposed "to promote respect for the law." 18 U.S.C. § 3553(a)(2)(A). It is difficult to see how the public can respect the unjust sentences that too often result from mandatory minimum sentencing laws.

Nevertheless, the Court is duty-bound to impose the sentence selected by the Congress in this instance. It is therefore the judgment of this Court that Defendant should be sentenced to a term of 120 months' imprisonment, to be followed by five years of supervised release, and such other terms and conditions imposed at the sentencing hearing on March 25, 2008.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 25, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Francis Dullea, Jr.